IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYDELL R. WALKER, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   Case No. 06-CV-294-TCK-SAJ |
| | ) |
| SAM CALBONE, Warden; | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
|         Respondents. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations and brief in support (Dkt. #s 8 and 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 10). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds Petitioner failed to seek habeas corpus relief prior to expiration of the limitations period. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

The parties' pleadings[1] reflect that on March 11, 2002, Petitioner was convicted on his pleas

---

[1] The Court notes that counsel for Respondent failed to provide copies of any of the state court records relevant to resolution of the limitations issue. In support of his argument that the petition is time-barred, counsel simply refers to dates provided by Petitioner in his petition. However, the Court has verified the accuracy of the dates provided by Petitioner in his petition by reviewing the docket sheets for Creek County District Court Case No. CF-2001-096, viewed at www.odcr.com, and for Oklahoma Court of Criminal Appeals Case No. PC-2003-832, viewed at www.oscn.net.

of guilty of Lewd Molestation (AFCF) (Count 1), and First Degree Rape (under 14) (Count 2), in Creek County District Court, Case No. CF-2001-0096. See Dkt. # 1. Petitioner was sentenced on that date to twenty (20) years imprisonment on each count, with sentences ordered to be served concurrently. Petitioner did not move to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

On December 13, 2002, Petitioner filed a *pro se* petition for judicial review pursuant to Okla. Stat. tit. 22, § 982a (2000). It appears that request was denied on June 20, 2003. See www.odcr.com.

On March 14, 2003, Petitioner filed an application for post-conviction relief in the state district court. (Dkt. # 1). On June 26, 2003, the request for post-conviction relief was denied. Id. Petitioner appealed the district court's order denying post-conviction relief to the OCCA. By Order filed September 4, 2003, in No. PC-2003-832, the OCCA affirmed the denial of post-conviction relief. Id.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on May 8, 2006, in the United States District Court for the Western District of Oklahoma. The case was transferred to this District Court where it was received for filing on June 7, 2006.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

>   such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to perfect a direct appeal, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on March 21, 2002. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (finding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma

conviction following a guilty plea became final ten days after entry of the judgment and sentence). Therefore, Petitioner's one-year limitations clock began to run on March 21, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after March 21, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Petitioner filed a motion for judicial review in the state district court on December 13, 2002, prior to expiration of the federal limitations period. Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. The district court docket sheet for Petitioner's case reflects that his motion was denied on June 20, 2003. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished opinion cited pursuant to 10th Cir. R. 36.3(B) for persuasive value). The Tenth Circuit Court of Appeals has indicated that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished opinion cited pursuant to 10th Cir. R. 36.3(B) for persuasive value) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for judicial review does not serve to toll the § 2244(d)(1) statute of limitations applicable to his convictions entered in Creek County District Court, Case No. CF-2001-0096.

On March 14, 2003, or seven (7) days prior to expiration of the one-year limitations period,

4

Petitioner filed an application for post-conviction relief. Thus, pursuant to 28 U.S.C. § 2244(d)(2), Petitioner is entitled to tolling of the limitations period during the pendency of his properly filed post-conviction proceeding. The OCCA concluded post-conviction review by affirming the state district court's denial of relief on September 4, 2003. Therefore, Petitioner's limitations clock stopped running on March 14, 2003, and started running again on September 4, 2003. At that point, Petitioner had to file his federal habeas petition within the seven (7) days remaining in his one-year period, or by September 11, 2003. However, Petitioner waited until May 8, 2006, or more than 2 ½ years after expiration of the limitations period, to file his federal petition for writ of habeas corpus. Unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed May 8, 2006, is clearly untimely.

In response to the motion to dismiss, Petitioner asserts that the time-bar should be excused because the criminal information filed in his criminal case was signed by "Pat Boomer" whose Notary Public commission had expired on December 20, 2000, or 2 ½ months before she signed the criminal information on February 5, 2001. See Dkt. # 10; Dkt. # 2, attached copy of the information. As a result, Petitioner argues that under state law the information was defective, null, void and to no effect, and deprived the state district court of subject matter jurisdiction. Petitioner contends that because defects in subject matter jurisdiction can never be forfeited or waived, the AEDPA's time limitation cannot bar this petition. See Dkt. # 10.

The Court rejects Petitioner's argument. Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law. The Court notes that the claim presented in this petition is not based on a newly recognized constitutional right. Furthermore, the factual predicate of the claim was readily available to Petitioner at the time he was sentenced.

5

The Court recognizes that in his response (Dkt. # 10), Petitioner claims that he did not discover the factual basis of his claim "until after his direct appeal time had expired and was forced to seek post-conviction relief because his attorney never advised him of such facts." Even if the Court accepts Petitioner's averment, he fails to offer any explanation for waiting more than 2 ½ years after the OCCA affirmed the denial of post-conviction relief before filing his federal habeas petition. Consequently, the Court finds that neither § 2244(d)(1)(C) or § 2244(d)(1)(D) serves to extend the one-year deadline.

Lastly, the Court further finds no basis for equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In this case, Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). There is simply no evidence in this case that Petitioner diligently pursued any federal claim. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808.

Finding no statutory or equitable basis for extending the limitations period, the Court concludes the petition filed May 8, 2006, is untimely. Respondent's motion to dismiss shall be granted.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
3. A separate judgment shall be entered in this matter.

DATED THIS 16th day of March, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE